On September 29, 1997, appellant, Richard E. Siggers, acting pro se, filed an action in the Franklin County Court of Common Pleas seeking release from his sentence of life imprisonment. His complaint alleged that R.C. 2967.03 is unconstitutional "for the legislature to delegate to" appellees Governor George Voinovich, Reginald Wilkinson, Margarett Ghee and John Kinkela (hereinafter "appellees") "the power to fix, adjust, regulate, determine or settle the liability of punishment for crimes." Siggers prayed for the trial court to determine that appellees had no authority or control over the remainder of his sentence. He sought release from his sentence in the event that appellees were to appeal an unfavorable decision. Appellant wanted to be placed "under house arrest with family members" until final disposition of this case.
Both parties subsequently moved for summary judgment. The trial court, in a decision dated May 12, 1998, and journalized June 5, 1998, granted appellees' motion for summary judgment and denied appellant's motion for summary judgment. Subsequently, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(A) and (B), which was denied by decision dated September 24, 1998.
There were no timely appeals filed from the foregoing final judgments.
On November 23, 1999, appellant filed a "motion for revision of the court's decision of May 12, 1998" (which was journalized on June 5, 1998), the trial court, by entry of January 11, 2000, overruled appellant's motion for revision of his prior summary judgment on the basis that he lacked subject-matter jurisdiction.
Appellant asserts the following assignments of error, stated exactly as worded in appellant's brief:
 First Assignment of Error To the prejudiced of appellant the court was in error when court used App. 4 (A) time for appeal, "A" party shall file the notice of appeal required by App.R.3 within thirty days of the later of entry of the judgment. To deny appellant's Civil 54(B) motion, because Civil R 54(B) is not restricted to thirty days following the judgment or order, Civil R. 54(B) is open to the parties until after judgment has been rendered that adjudicates all claims, and all the rights, and liabilities of all parties
 Appellants Second Assignment of Error: To the prejudiced of the appellant the court erred when the court failed its duty, i.e., ". . . as a general rule, a court fails to fulfill its [duty] function in a declaratory judgment action when it disposes of the issues by merely sustaining or overruling a motion for summary judgment without setting forth any construction of the document or law under consideration" Motorist Mut. Ins Co. v. Grischkan 620 N.E.2d 190
 Appellant's Third Assignment of Error The court is in error for not adjudicating claims, issues and rights plaintiff appellant Declaratory Judgment Action R-2
presented to the court, which is evident by careful reading of case history 8 pages of records, which shows the court seldom read; seldom considered plaintiff's motions, and when the court did read plaintiff's motions decision were granted to defendants even when court rules and law favored, supported only plaintiff's position: Examination of motions appellant filed shows no response from trial court that is no response from most of his motions.
Appellant's assignments of error are combined for discussion, as the sole issue before this court is whether the trial court had subject-matter jurisdiction over appellant's "motion for revision" of its final judgment rendered June 5, 1998.
The trial court did not err in denying appellant's motion for revision of its final summary judgment rendered June 5, 1998. The trial court ruled that the summary judgment of appellee be granted and that appellant's action be dismissed in its entirety, which constituted a final binding adjudication of all issues raised by appellant in the action. There was no timely appeal from that judgment as required by App.R. 4(A), and the trial court and this court no longer has jurisdiction to consider its validity. The trial court may, correctly or incorrectly, adjudicate a matter based on less than all the reasons which appellant seeks to have determined and it still is a final adjudication of the matter if it constitutes a dismissal of the action in its entirety. Had there been a timely appeal from the summary judgment of June 5, 1998, this court would consider the errors asserted by appellant to determine whether the trial court properly granted summary judgment; however, in the absence of a timely appeal, we have no jurisdiction to do so.
Appellant actually appealed from the denial of his "motion for revision" of the summary judgment opinion of the trial court which constituted the basis for granting of final judgment to appellees. There is no mention of a "motion for revision" in the civil rules. It is similar to a motion for reconsideration, which also does not toll appeal time nor does it constitute a matter that is subject to further review by an appellate court. To allow otherwise would be to improperly grant the trial court or the court of appeals jurisdiction beyond that allowed by law to change a binding final judgment.
Appellant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BRYANT, P.J., and KENNEDY, J., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.